CRAIG A. MUELLER, ESQ.
Nevada Bar No. 4703
**MUELLER & ASSOCIATES, INC.**
723 South 7th Street
Las Vegas, Nevada 89101
Telephone: (702) 382-1200
Facsimile: (702) 940-1235
Email: craig@craigmuellerlaw.com
*Attorneys for Plaintiff*
*JONOSHA BOOTH*

# IN THE UNITED STATES DISTRICT COURT

# FOR THE DISTRICT OF NEVADA

| | |
|---|---|
| JONOSHA BOOTH, an individual<br><br>Plaintiff,<br><br>vs.<br><br>DROCK GAMING, LLC, dba THE D LAS VEGAS; SECURITY OFFICER MATTHEW; DOES I through XX, ROE BUSINESS ENTITIES, I through XX,<br><br>Defendant, | Case No. 2:19-CV-01589-APG-BNW<br><br>**JOINT DISCOVERY PLAN AND SCHEDULING ORDER** |

Plaintiff, JONOSHA BOOTH, by and through her attorneys, CRAIG MUELLER & ASSOCIATES, and DROCK GAMING, LLC, dba THE D LAS VEGAS; SECURITY OFFICER MATTHEW (collectively "Defendants"), by and through their attorney, DICKINSON WRIGHT, hereby stipulate and agree to the following [proposed] discovery plan and scheduling order in this matter pursuant to Fed. R. Civ. P. 26(f) and Local Rule 26-1.

**A.    Fed. R. Civ. P. 26(f) Conference:** On February 20, 2019, the Parties held a conference to discuss the matters required by Fed. R. Civ. P. 26(f) and LR 26-1. Catherine Ramsey, Esq., of the law firm MUELLER & ASSOCIATES, INC., appeared on behalf of the Plaintiff, Taylor A. Anello, Esq., of the law firm DICKINSON WRIGHT, PLLC., appeared on behalf of Defendants. The parties agreed to exchange their **initial disclosures by March 20, 2020.**

1. **Discovery Cut-Off Date:** Plaintiffs filed their Complaint on September 10, 2019. A Defendant filed their answer on January 7, 2020. Notice of voluntary dismissal was filed on December 31, 2019 for DESERT ROCK ENTERPRISES, LLC, dba THE D LAS VEGAS. Discovery cut-off date is **August 21, 2020**, which is 180 days after the FRCP 26(f) Conference.

2. **Amending Pleadings and Adding Parties:** All motions to amend the pleadings or to add parties shall be filed not later than **May 21, 2020**, which is ninety (90) days before the discovery cut-off date.

3. **FRCP 26(a)(2) Disclosure of Experts:** Disclosures concerning experts shall be made by **June 22, 2020**, which is the first business day following expiration of sixty (60) days before the discovery cut-off deadline. Disclosure of rebuttal experts shall be made by **July 21, 2020**, which is thirty (30) days after the expert disclosures.

4. **Dispositive Motions:** The date for filing dispositive motions shall not be later than **September 21, 2020**, which is thirty (30) days after the discovery cut-off date.

5. **Pretrial Order:** The date for filing the joint pretrial order shall not be later than **September 22, 2020**, which is the first business day following the expiration of the filing of dispositive motions In the event that dispositive motions are filed, the date for filing the joint pretrial order shall be suspended until thirty (30) days after decision on the dispositive motions or until further order of the Court. The parties shall include the disclosures required pursuant to Fed. R. Civ. P. 26(a)(3), and any objection thereto, with the pretrial order.

6. **Interim Status Report:** The parties shall file the interim status report required by LR26-3 by **June 23, 2020**, which is the first business day following the expiration of the sixty (60) days before the discovery cut-off date.

**B.     Fed. R. Civ. P. 26(f)(3) Scope of Discovery:**

1. The timing of discovery shall be as permitted under the Federal Rules of Civil Procedure and the Local Rules except as otherwise stated herein. Initial disclosures shall be made within fourteen (14) days following the Rule 26(f) conference.

2. The parties agree that discovery should extend to the full extend allowed by the Federal Rules of Civil Procedure.

3. The Parties do not anticipate at this time that discovery will be required of electronically stored information, or, if required, will not be substantial or voluminous. As a result, the Parties agree that, to the extent there exists electronically stored information responsive to document request at the time of the requests, it can be produced in hard copy and not native format, unless otherwise requested.

4. The Parties currently do not have any specific concerns regarding the disclosure or discovery of privilege protection of trial-preparation materials.

**C.     Alternative Dispute Resolution:** The parties certify they met and discussed the possibility of using alternative dispute-resolution processes including mediation and arbitration, no decision has been made. The parties will revisit this issue once initial disclosures and nominal discovery have been completed.

**D.     Alternative Forms of Case Disposition:** The parties certify that they considered consent to trial by magistrate judge and the use of the Short Trial Program and opted out of such programs.

**E.     Electronic Evidence:** The parties certify that electronic evidence was discussed and that presently there is no intent to present electronic evidence to a jury.

**F.     Settlement:**   In accordance with Fed. R. Civ. P. (26(f), the Parties discussed settlement but have not reached any agreement at this time.

**G.     Later Appearing Parties**: A copy of this Discovery Plan and Scheduling Order shall be served upon any person served after it is entered or, if additional defendants should appear, within five (5) days of their first appearance. This Discovery Plan and Scheduling Order shall apply to such later appearing parties, unless a stipulation of the parties is approved by the Court, or the Court, on motion for good cause shown, otherwise orders.

**H.     Additional Information:**

**Additional Provisions Regarding Inadvertent Disclosure / Clawback**

In addition to the protection provided in Rule 26(b)(5)(B) regarding inadvertent production of information subject to a claim of privilege or of protection as trial-preparation material, the parties agree that disclosure of any document produced in this action could have been withheld, in whole or in part, based on legitimate claim of attorney-client privilege, work-product protection, or other applicable privilege (an "Inadvertently Produced Document") shall not result in the waiver of any privilege or protection associated with such document, nor result in a waiver of any kind.

Within fourteen (14) days of a demand for the return of any Inadvertently Produced Document, the producing party shall provide the receiving party with a privilege log setting forth the basis for the claim of privilege in relation to the Inadvertently Produced Document. In the event that some portion of the Inadvertently Produced Document does not contain privileged information, the producing party will also provide a redacted copy of the Inadvertently Produce Document that omits the information subject to the claim of privilege.

If the receiving party disagrees with the producing party's designation of an Inadvertently Produced Document as privileged, it may object to such a designation by providing written notice within fourteen (14) days of receipt of a written demand for return of the subject Inadvertently Produced Document. Should the parties fail to reach agreement following a

meaningful attempt to resolve the dispute, any such objection shall be resolved by the Court after an *in-camera* review of the Inadvertently Produced Document. No party may use any disputed document in the litigation while resolution of such a dispute is pending.

**I.** **Court Conference:** The Parties do not request a conference with the Court before the entry of this Scheduling Order.

DATED this 20th day of March, 2020.　　　　DATED this 20th day of March, 2020.

MUELLER & ASSOCIATES, INC.　　　　DICKINSON WRIGHT, PLLC.

*/s/ Craig A. Mueller*　　　　*/s/ Taylor A. Anello*

_____　　　　_____
CRAIG A. MUELLER, ESQ.　　　　TAYLOR A. ANELLO, ESQ.
723 S. 7th Street　　　　8363 West Sunset Road, Suite 200
Las Vegas, Nevada 89101　　　　Las Vegas, Nevada 89113
*Attorney for Plaintiff*　　　　*Attorney for Defendants*

**ORDER**

IT IS SO ORDERED this __23rd__ day of March, 2020.

_____
UNITED STATES MAGISTRATE JUDGE

# CERTIFICATE OF SERVICE

As an employee of MUELLER & ASSOCIATES, I certify that a copy of the foregoing **JOINT DISCOVERY PLAN AND SCHEDULING ORDER** was served by the method indicated:

☐ **BY FAX:** by transmitting via facsimile the document(s) listed above to the fax number(s) set forth below on this date before 5:00 p.m. pursuant to EDCR Rule 7.26(a). A printed transmission record is attached to the file copy of this document(s).

☐ **BY U.S. MAIL:** by placing the document(s) listed above in a sealed envelope with postage thereon fully prepaid, in the United States mail at Las Vegas, Nevada addressed as set forth below.

☒ **BY ELECTRONIC SERVICE:** submitted to the above-entitled Court for electronic service upon the Court's Registered Service List for the above-referenced case.

☐ **BY EMAIL:** by emailing a PDF of the document listed above to the email addresses of the individual(s) listed below.

DATED this 20th day of March, 2020.

*/s/ Susie Ward*
_____
An Employee of MUELLER & ASSOCIATES